The Honorable Lauren King

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ERIC KIKKERT, <br><br> Defendant. | NO. CR CR22-053LK <br><br> **GOVERNMENT'S SENTENCING MEMORANDUM** <br><br> Sentencing Date: October 5, 2022 |

Eric Kikkert, who suffers from severe mental health issues, traveled from Kent to Washington, D.C., to confront government officials under the delusion that he was going to assume the presidency. He threatened multiple government officials with violence, including Speaker Pelosi and Senator Cruz. And he tried to purchase a firearm, despite being a convicted felon. The government acknowledges that Kikkert is a war veteran who is dealing with post-traumatic stress, and that his actions stemmed from mental illness, rather than malice. Nonetheless, the government remains very concerned about his potential threat to public safety. Balancing these concerns, the government recommends a time served sentence with mental health conditions that include a requirement that he take medication, if ordered by a mental health provider, and after being given an opportunity to be heard.

Government's Sentencing Memorandum – 1
*United States v. Kikkert,* CR22-053LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# BACKGROUND

On or about February 13, 2022, Eric Kikkert accessed the official government website for the White House. Plea Agreement ¶ 8(a). Kikkert, using the "Contact Us" feature on the website, left the following message: "I dont like to hit ladies but I will. I shall do this to that dumb bitch Pelosi too. Lieing, stealing, murder and rape she is guilty of. Fuck with me. The actual fucking planet will kill you. Fuck with anyone else and I will fucking kill you." *Id.*

On March 8, 2022, the United States Capitol Police received a copy of an email sent by Eric Kikkert. Compl. ¶ 3. Kikkert said that on the following day he was going to "assume the role of the Acting President of the United States with the Law of the Land." *Id.* His email contained a host of other non-sensical statements, including "For my second action as active president I shall initiate the sex and human trafficking counter measures on all sectors in which it exists to include the Life Saving Amulet. Fillabuster." *Id.* Kikkert identified himself in the email by name, and provided his home address, which is in Kent, Washington. *Id.*

Special Agent Wilson with the Capitol Police called Kikkert. *Id.* ¶ 4. Kikkert told Special Agent Wilson that he planned to travel to Washington, D.C. *Id.* Although Kikkert denied any intent to harm anyone, he said he planned to visit the White House, and if unsuccessful in what he hoped to accomplish, that he planned to start a militia. *Id.* He said he had seen mental health professionals in the past, but believed his illness had resolved. *Id.*

Special Agent Wilson called Kikkert's mother. *Id.* ¶ 5. She said that Kikkert suffers from mental illness, but that he refuses to take medication or continue mental health treatment. *Id.* She said that she had never witnessed Kikkert be violent, and that he does not have an interest in weapons. *Id.*

Government's Sentencing Memorandum – 2
*United States v. Kikkert,* CR22-053LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

On March 10, 2022, the Secret Service encountered Kikkert at a hotel in Washington, D.C. *Id.* ¶ 6. Kikkert said he was a pacifist and was in Washington, D.C., to advocate for more rights. *Id.*

On March 13, 2022, Kikkert emailed the United States Capitol Police. *Id.* ¶ 7. He complained about an alleged kidnapping, and made non-sensical statements, including "You may not use 'due process' to evade justice nor to violate 'good behavior' and as such you are subject to direct article 3. Which is 5 years and 10,000 dollars or execution. Death by firing squad." *Id.*

On March 18, 2022, the United States Capitol Police received a voicemail that Kikkert had previously left for the Architect of the Capitol Office of Inspector General. *Id.* ¶ 9. He claimed to be in Washington, D.C. He rambled during the voicemail, including stating "They are now using due process to evade justice, and I'm calling to request assistance before I have to form and regulate a militia, deputize my own, uh, militia participants, and then enforce the constitution myself." *Id.*

On that same day, Kikkert posted on Facebook:



**Eric Maker**
March 18 at 11:25 AM

Hello, I am looking to purchase some things I need a pistol or two preference is 9 mill, I also would like a 12 gauge shotgun and purhaps one of those ar15s your talking about.
I will pay for gas, time spent driving at 22 $ a hour and any processing fees. To include a handling fee of 115 dollars.

Kikkert is a convicted felon who is prohibited from possessing firearms. *Id.* Kikkert's mother reported this post to the United States Capitol Police and expressed concern about his changed attitude regarding firearms. *Id.*

On March 20, 2022, Kikkert's mother shared recent text messages during which Kikkert expressed an interest in obtaining body armor. *Id.* ¶ 10. On March 21, 2022, a man, who appeared to be Kikkert given the phone number used, called Senator Cruz's

Government's Sentencing Memorandum – 3
*United States v. Kikkert,* CR22-053LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

office, and stated that the Senator either could "answer my questions by giving me a call or at the end of my rifle." *Id.* On March 22, 2022, an individual shared with the United States Capitol Police the following text message from Kikkert that included a photograph of Kikkert from his time in the military:



*Id.* In another shared text, Kikkert stated: "The death toll stacks every min… Death by firing squad is a legal threat under article 3." *Id.*

On March 22, 2022, Senator Cruz's office forwarded voicemails that the office had recently received from Kikkert, who identified himself by name in one of the voicemails. *Id.* ¶ 13. In the voicemails, he made a number of threatening statements, such as:

- "That's a fucking vaccine. And if you don't fucking talk to me about it. If you don't advocate for it, I'm gonna fucking blow your brains out"
- "I'm gonna blow your fucking brains out dude, literally."
- "So I think if you think about what the fuck I'm talking about, alright, I'm willing to put a gun in your face. You better fucking think about it.".

*Id.*

Government's Sentencing Memorandum – 4
*United States v. Kikkert,* CR22-053LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

On that same date, Kikkert called Senator Cruz's office again, and reached a live person. Kikkert said that he was "one step away from getting an assault rifle and pointing it at the Senator." *Id.* ¶ 15. Kikkert called Senator Cruz's office again the following day. *Id.* ¶ 16. Kikkert said he was not joking about his threats, and said he wanted to ask Senator Cruz some questions "before I shove a rife in his face and kill him." *Id.*

## RELEASE STATUS

Kikkert initially was detained pending trial. He later pleaded guilty to the offense of interstate threats. In the plea agreement, the government noted that it would recommend a time served sentence, but various mental health conditions. After he pleaded guilty, the government supported his release, as long as the Court imposed certain mental health conditions, which the Court did. Although Kikkert technically has remained in compliance, there are signs of trouble. He resisted seeing a treatment provider because he was worried that the provider would prescribe medication, which he is generally reluctant to take. His acceptance of responsibility statement rambles in places. And, most recently, he wrote to the Probation Officer who prepared the presentence report a series of messages that she relayed to his counsel:

> Hi Dennis,
>
> I just wanted to alert you to a text message that I received from Mr. Kikkert today. He noted:
>
>> I did not accept the plea agreement to be placed on electronic monitoring it was not part of the deal and I will not do so. I did not accept the plea agreement to have my life destroyed. I do not agree to any plea that states electronic documents, personal information and access to databases. This is a violation of my plea agreement. I dis not accept the plea agreement to submit access to a database which provides them passwords, medical, psychological or access to the infectious disease court case, inventions or otherwise. I dis not accept a plea agreement that allows them to steal or access private documents.
>
> He also refused to consent to a presentence home inspection. He responded to the request with a text message that said:
>
>> No thank you, I don't appreciate the way you wrote that document you want anything from me you go through my attorney
>
> He also texted yesterday, saying:
>
>> I just gave everything I owned to my sister you will not get access to anything. I also noted you did not contact my attorney about any inspection of living area so I'll see you in court.

Government's Sentencing Memorandum – 5
*United States v. Kikkert,* CR22-053LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## SENTENCING GUIDELINES

There is no dispute as to the Sentencing Guidelines. The base offense level is 12, and there is a two point enhancement for making more than two threats. *See* USSG §§ 2A6.1(a)(1) and (b)(1). In addition, there is a six-level enhancement because the targeted victim was a government employee. *Id.* § 3A1.2(b). Finally, there is a three-level reduction for acceptance of responsibility, yielding a total offense level of 17. His criminal history category is I, yielding a Guidelines range of 24-30 months.

## SENTENCING ANALYSIS

Kikkert is a man dealing with a serious illness. On the one hand, this fact calls out for compassion. But, on the other hand, his illness makes his unpredictable, and a potential threat to public safety. Because Kikkert's actions were not grounded in malice, the government is not recommending a custodial sentence. However, the government strongly believes that the Court should impose the mental health conditions recommended by Probation, which mirror the ones the Court imposed when releasing him pending sentencing. Other Courts have imposed these types of conditions in similar cases. *See United States v. Verhul*, CR13-365RAJ; *United States v. Smith*, CR18-12RSL; *United States v. Grosz*, CR17-28RSL.

Probation's other recommended conditions also make sense, including computer monitoring, which Kikkert personally objected to in a text to the Probation Officer. First, Kikkert is wrong that imposition of the condition would somehow constitute a breach of the plea agreement. There is nothing in the plea agreement that limits what conditions Probation and the government can recommend. Second, the need for the condition is self-evident: Kikkert planned and committed the offense in large part online. With his unstable mental condition, it makes sense that Probation should be able to monitor his electronic communications during the term of supervision.

The government is concerned about Kikkert. The conditions recommended by Probation best ensure that he stabilizes and remains out of trouble. Thus, the Court

Government's Sentencing Memorandum – 6
*United States v. Kikkert,* CR22-053LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

should impose a sentence of time served to be followed by three years of supervised release, subject to the conditions recommended by Probation.

DATED this 26th day of September, 2022.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*/s/ Thomas M. Woods*
THOMAS M. WOODS
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-3903

Government's Sentencing Memorandum – 7
*United States v. Kikkert,* CR22-053LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970