The Honorable Lauren King

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC KIKKERT,<br><br>Defendant. | NO. CR22-053 LK<br><br>**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO MODIFY TERMS OF SUPERVISION** |

In October 2022, this Court sentenced Eric Kikkert to time served and three years of supervised release. Kikkert, who has a history of severe mental health issues, traveled from Kent to Washington, D.C., to confront government officials under the delusion that he was going to assume the presidency. He threatened multiple government officials with violence, including then-Speaker Pelosi and Senator Cruz. And he tried to purchase a firearm, despite being a convicted felon.

Seven months have now passed. The government is not aware of any new episodes of concerning behavior, and Kikkert has incurred no violations. Kikkert now asks the Court to remove the computer monitoring and medication supervised release conditions. The Court should do neither at this time.

Although the government is encouraged by Kikkert's conduct on supervision, it is nonetheless premature to conclude that Kikkert has fully turned the corner. The record is

Government's Response to Motion to Modify Terms of Supervision – 1
*United States v. Kikkert*, CR22-053 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

relatively bare as to the progress Kikkert has made. To be sure, the *absence* of violations or notable issues during the past seven months is encouraging. And the defense pleading suggests that VA professionals have not encountered anything like the conduct that Kikkert exhibited at the time of the offense. But there is no medical opinion or reports before the Court as to the state of Kikkert's condition, and his prognosis for the future. Moreover, the government understands from Probation that Kikkert continues to talk about working to develop a vaccine, which is suggestive of continued delusional behavior.

The Court should have more certainty about Kikkert's condition, given only a little more than a year ago he was making regular statements threatening mass acts of violence, such as when he texted an individual "The death toll stacks every min . . . Death by firing squad is a legal threat under article 3," all the while posting on Facebook:



The computer monitoring condition is important to give Probation a window into Kikkert's conduct to ensure he is not slipping again into mental distress. It bears emphasis that Kikkert used electronic communications to talk about his thoughts of violence, and even a cursory review of his messages last year would have revealed a person who was in severe mental distress.

In his motion, Kikkert complains that computer monitoring is intruding into his privacy. But a loss of privacy is an inherent consequence of federal supervision. And the condition at issue here is hardly unique. Courts in the Western District of Washington have imposed computer monitoring for many years for countless offenders in a wide variety of cases.

Government's Response to Motion to Modify Terms of Supervision – 2
*United States v. Kikkert*, CR22-053 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Kikkert also complains about the cost of the monitoring. But the government understands that Probation would pay for monitoring if Kikkert were unable to afford it. Thus, monitoring is not driving him into poverty, and is worth the cost, given his history.

Kikkert also asks the Court to remove the condition that would require him to take medication if prescribed by a mental health professional and – importantly – only after a hearing where the Court determines that the medication is appropriate. To date, Kikkert has not been prescribed medication. There is no reason to remove the condition. If no medication is ever prescribed, the condition has no practical effect. By contrast, if medication is prescribed in the future, this condition will be important because it will suggest that medication is necessary to stabilize his health. And Kikkert will not suffer any undue harm because he can always challenge the medication in a hearing before the Court where Kikkert would be free to argue that the medication is unnecessary.

Finally, it bears emphasis that the Guidelines range in this case was 24-30 months. The Court did not impose this type of sentence and instead sentenced Kikkert to time served, effectively about three months of imprisonment. Kikkert was spared a lengthy term in custody under the belief that his conduct was motivated by mental health issues, and that those issues could be adequately addressed and monitored while on supervision. Relaxing the terms of supervision – particularly at this relatively early stage and given the record here – undermines Probation's ability to ensure that Kikkert's issues can be managed outside of custody. His motion should be denied at this time.

DATED this 22nd day of May, 2023.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*s/ Thomas M. Woods*
THOMAS M. WOODS
Assistant United States Attorney

Government's Response to Motion to Modify Terms of Supervision – 3
*United States v. Kikkert*, CR22-053 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970